## STATE OF CONNECTICUT *v.* GOULD *et al.*

*(Circuit Court, N. D. New York.* March 19, 1888.)

COPYRIGHT—STATE REPORTS—CONNECTICUT DECISIONS.

> The act of March 22, 1882, (Acts Gen. Assem. Conn.,) directing the reporter to publish the decisions of the supreme court of errors, and copyright the volumes, does not prohibit any one else from publishing the opinions separately or collectively, but restricts the exclusive right of publication to the Reports compiled and edited by the reporter.

In Equity.    On bill for injunction.
*E. Ellery Anderson*, for complainant.
*N. C. Moak*, for defendants.

WALLACE, J.    The act of the general assembly of the state of Connecticut (approved March 22, 1882) creating the office of reporter of the judicial decisions of the supreme court of errors, fixing his salary, and directing those decisions to be published in volumes under the supervision of the comptroller, and the several volumes copyrighted for the benefit of the people of the state, does not forbid expressly or by implication the publication of the opinions of the court, separately or collectively, by any person who chooses to use them, but by reasonable construction restricts the exclusive right of publication to the Reports compiled and edited by the officer who is to receive a salary for the work.    The statute undoubtedly contemplates that the Reports which are to be published will be prepared for publication in the usual and convenient form of law reports, containing an index and appropriate *syllabi* accompanying the opinions, which, as the work of the reporter, would be the unquestioned and familiar subject of copyright.    If it had been the object of the statute to prevent the publication of the judicial decisions of the court, or to regulate the mode of promulgating them, so that they should have no publicity except in the designated form of official Reports, that intention could have been easily manifested by apt language so as to remove all doubt; and in view of the serious question often debated, but never authoritatively decided by the courts of this country, whether such opinions can be copyrighted by the state, it would seem that the statute would have been so framed as to leave no doubt of the legislative will, if such an intention had been entertained.    The opinion has been expressed in several adjudications, by judges whose opinions are entitled to the highest respect, that the judicial decisions of the courts are not the subject of copyright, but should be regarded as public property, to be freely published by any one who may choose to publish them.    This view has been taken upon considerations of public policy which, it is said, demand, in a country where every person is presumed and required to know the law, that the fullest and earliest opportunity of access to the expositions of the judicial tribunals should be afforded to all.    No statute should be interpreted, unless the language used admits of no other interpretation, to press beyond the certain confines of legislative power,

. (*U. S.* v. *Coombs*, 12 Pet. 72,) and in obedience to this rule the courts have almost uniformly interpreted statutes closely resembling the present so as to restrict the copyright to the completed volume. *Davidson* v. *Wheelock*, 27 Fed. Rep. 61; *Banks* v. *Publishing Co.*, Id. 50; *Banks* v. *Manchester*, 23 Fed. Rep. 143; *Nash* v. *Lathrop*, 142 Mass. 29, 6 N. E. Rep. 559. The case of *Gould* v. *Banks*, 53 Conn. 415, 2 Atl. Rep. 886, is relied upon by the complainant. The opinion in that case undoubtedly asserts the right of the state to copyright the opinions, and interprets the statute as designed to effectuate that right. The observations upon this point, however, were unnecessary to the decision of the case before the court, which was whether a *mandamus* should be granted to compel the reporter to furnish copies of the opinions which he was preparing for publication, when the writ would operate to deprive the authorized publishers for the state of the benefit of their contract with the state. This sufficiently appears from the following language of the opinion: "If, therefore, we should now direct the reporter to funish copies of the opinions to the petitioners that they may sell them to the public in advance for their own profit, we should, in effect, advise the state to a breach of contract."

As the defendants have not pirated any of the matter originally prepared by the reporter, the motion for an injunction is denied.